SIPRIANO GUTIERREZ, JR. V. STATE OF TEXAS



NO. 07-05-0130-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 13, 2005



______________________________


 

SIPRIANO GUTIERREZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15466-0404; HONORABLE ED SELF, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Sipriano Guitierrez Jr. appeals from his convictions by jury trial for the
offenses of aggravated sexual assault of a child and indecency with a child. We affirm.

 On March 22, 2005, appellant was found guilty by jury trial of aggravated sexual
assault of a child and indecency with a child. The jury assessed ten years confinement in
the Institutional Division of the Texas Department of Criminal Justice for the offense of
aggravated sexual assault and five years confinement for the offense of indecency with a
child. Appellant filed notice of appeal.

 Counsel for appellant has filed a Motion to Withdraw and a supporting brief in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). In support of the Motion to Withdraw, counsel has certified that the record has been
diligently reviewed. The brief discusses the factual and procedural history of the case as
well as the evidence presented and identifies arguments that may be advanced on appeal,
in conformity with counsel's obligation to support the appeal to the best of his ability. 
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, pet. ref'd). Appellate
counsel raises legal and factual sufficiency as potential issues; however, in counsel's review
of the record, he determines that the evidence was sufficient to support the convictions. If
the only theories that the attorney can discover after this conscientious review of the record
and the law are "arguments that cannot conceivably persuade the court," then the appeal
should be considered frivolous. Id. In the opinion of counsel, the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
Counsel thus concludes that the appeal is frivolous. 

 In addition, counsel has attached exhibits showing that a copy of the Anders brief and
Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately
advised appellant of his right to review the record and file a response to counsel's motion
and brief. See id. at 646-47. Appellant has not filed a response to counsel's motion and
brief.

 However, we will not rule on the motion to withdraw until we have independently
examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997,
no pet.). We have made an independent examination of the record to determine whether
there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct.
346, 102 L.Ed. 2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 
In addition to the issues already presented by appellate counsel, our review reveals that
appellant's trial counsel did not object to testimony elicited from witnesses that referred to
another incident that could have potentially prejudiced the jury. Thus appellate counsel
could have also raised ineffective assistance of counsel for the failure to timely object to the
testimony of the extraneous offense during the guilt-innocence portion of the trial. 

 A criminal defendant has a constitutional right to effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez
v. State, 726 S.W.2d 53 (Tex.Crim.App. 1986). Under the two prong test laid out in
Strickland and adopted in Hernandez, counsel is ineffective if (1) counsel's performance was
deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a
reasonable probability that but for counsel's deficient performance the result of the
proceeding would have been different. Rylander v. State, 101 S.W.3d 107, 110
(Tex.Crim.App. 2003). A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. However, there is a strong presumption that trial counsel's
performance was within the wide range of reasonable professional assistance. Strickland,
466 U.S. at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992). The adequacy
of representation is based upon the totality of the representation rather than by isolated acts
or omissions of trial counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Crim.App. 1994). 
In this particular case, trial counsel for appellant may not have objected to testimony of the
extraneous offense as part of sound trial strategy. See Jackson v. State, 877 S.W.2d 768,
771 (Tex.Crim.App. 1994). A review of the record reveals that appellant sought an expert
witness regarding a medical condition of the victim, and that appellant questioned witnesses
as to the delay in the victim's outcry. Without an explanation underlying counsel's decision
not to object to evidence of the extranous offense and to focus on the delayed outcry, we
cannot conclude that trial counsel provided ineffective assistance of counsel. Id. After our
independent review, we agree with appellate counsel that the appeal is frivolous. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court
is affirmed.

 Mackey K. Hancock

 Justice





Do not publish. 



evidence and arguments of the parties, the court permitted the
testimony for the purposes of showing knowledge and intent to defraud or harm Tawanna
Hollowell as well as to show an absence of accident or mistake. (3) 


 Consistent with the indictment, the court's charge required the jury to find that
appellant made or possessed a counterfeit proof of insurance card, with the intent to sell,
circulate or pass the card, and with the intent to defraud or harm municipal judge Hollowell. 
The jury was instructed, pursuant to statute, that a person acts intentionally, or with intent,
with respect to the nature of his conduct or to a result of his conduct when it is his
conscious objective or desire to engage in the conduct or cause the result. Tex. Penal
Code Ann. § 6.03(a) (Vernon 2003). Intent can be characterized as a contested issue for
purposes of justifying the admission of extraneous offense evidence to help prove intent
if the required intent for the primary offense cannot be inferred from the act itself or if the
accused presents evidence to rebut the inference that the required intent existed. Johnson
v. State, 932 S.W.2d 296, 302 (Tex.App.-Austin 1996, pet. ref'd). Appellant acknowledges
that whether her actions were taken with the required culpable mental state was an issue
material to the State's case. She contends, however, that her intent could be inferred from
the acts to which the State's witnesses testified. She argues the jury could have inferred
no other purpose from her acts of creating the insurance card bearing her brother-in-law's
name and faxing it to the municipal court. 

 We think the contrary view is within the zone of reasonable disagreement. 
Montgomery, 810 S.W.2d at 391. Appellant was employed by an insurance agency. The
State's evidence showed that it was a common occurrence for insurance agencies to
provide information directly to the municipal court by telephone and facsimile concerning
their customers' insurance coverage. The trial court reasonably could have viewed the
extraneous offense evidence as tending to show that appellant's actions on this occasion
were taken with the conscious objective of defrauding the municipal court, rather than
merely showing character conformity. 

 Appellant next argues that the extraneous offense conduct was not sufficiently
similar to the charged offense to have probative value. We again disagree. Courts have
noted that the degree of similarity of offenses required is not as great where intent is the
material issue as when identity is the material issue. See Caro v. State, 771 S.W.2d 610,
617 (Tex.App.-Dallas 1989, no pet.), citing Cantrell v. State, 731 S.W.2d 84, 90
(Tex.Crim.App. 1987). Here, in both events, while employed by the insurance agency
appellant prepared a proof of insurance card for a person who had received a citation for
driving without motor vehicle liability insurance, followed by the provision of the card to the
court. The two events occurred a few months apart, and the differences appellant points
out are not significant for this purpose. 

 In sum, we agree with the State that the trial court did not abuse its discretion by
admitting the extraneous offense evidence. (4)
 Appellant's point of error is overruled, and the
trial court's judgment is affirmed. 

 James T. Campbell

 Justice


Do not publish.

 
1. See Tex. Transp. Code Ann. § 548.603 (Vernon 1999).
2. Appellant testified during the defense's case-in-chief. She denied conversing with
Day, denied making an insurance card for her, denied the payment to appellant of $10 and
denied verifying Day's insurance coverage. Appellant also denied committing the charged
offense.
3. The court's charge limited the jury's consideration of extraneous offense evidence
to those purposes. 
4. Appellant's point of error also presents the contention that admission of the
extraneous offense evidence violated her equal protection and due process rights. Her
briefing of the contention is subsumed within her Rule 404(b) argument, and we need not
address the constitutional contention separately.